UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| RICARDO A. VASQUEZ CRUZ, | Case No. 19-CV-05251-LHK |
|---|---|
| Petitioner, | **ORDER GRANTING PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS AND DENYING AS MOOT PETITIONER'S MOTION FOR TEMPORARY RESTRAINING ORDER** |
| v. | |
| WILLIAM P. BARR, et al., | |
| Respondents. | Re: Dkt. Nos. 1-1 |

On August 22, 2019, Petitioner Ricardo Vasquez Cruz ("Petitioner") filed a verified petition for writ of habeas corpus under 28 U.S.C. § 2241. *See* ECF No. 1 ("Pet."). Petitioner is a native and a citizen of El Salvador who is currently detained in Immigration and Customs Enforcement ("ICE") custody. *See* Pet. ¶ 7; ECF No. 1-3 ("Sanchez Decl."), Ex. B ("Vasquez Cruz Decl.") ¶¶ 1–2. Petitioner argues that his prolonged detention without a bond hearing is unlawful and in violation of due process, and requests that the Court either (1) order his immediate release; or (2) order Respondents William P. Barr, Kevin McAleenan,[1] Richard Valeika, and

---

[1] Chad Wolf has replaced Kevin McAleenan as Acting Secretary of Homeland Security. Pursuant to Federal Rule of Civil Procedure 25(d), Chad Wolf automatically substitutes Kevin McAleenan as a respondent in this matter.

1
Case No. 19-CV-05251-LHK
ORDER GRANTING PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS AND DENYING AS MOOT PETITIONER'S MOTION FOR TEMPORARY RESTRAINING ORDER

Wendell Anderson ("Respondents") to provide Petitioner "a custody hearing at which the government is required to justify continued detention by clear and convincing evidence that [Petitioner] is a danger or flight risk." Pet. ¶¶ 4, 48.

On August 22, 2019, Petitioner also filed a motion for a temporary restraining order ("TRO") seeking the same relief. *See* ECF No. 1-1 ("TRO Mot."). On September 5, 2019, Respondents filed a Consolidated Opposition to Motion for Temporary Restraining Order and Return to Petition for Writ of Habeas Corpus. ECF No. 6 ("Opp'n"). On September 16, 2019, Petitioner filed a Reply. ECF No. 7 ("Reply").

Having considered the briefing and exhibits submitted by the parties, the Court GRANTS Petitioner's habeas petition and DENIES as moot Petitioner's TRO motion.

## I. BACKGROUND

Petitioner first entered the United States in 1999 after fleeing El Salvador because of gang violence. Vasquez Cruz Decl. ¶ 2. Beginning in 2001, Petitioner held lawful status as a Temporary Protected Status ("TPS") beneficiary. *Id.* ¶ 3. At issue in this case, on January 16, 2018, Petitioner was convicted of felony violations of: (1) California Penal Code section 273.5(a), corporal injury of a spouse or cohabitant; and (2) California Penal Code section 273a(a), child abuse. Reyes Decl. ¶ 10. Petitioner was sentenced to 364 days in jail and three years of probation for these 2018 offenses. *Id.* Unrelated to the instant case, Petitioner also has other convictions on his record, but an alien is subject to mandatory detention only where the release from state custody "is directly tied to the basis for detention under [8 U.S.C. § 1226(c)(1)]." *Matter of Garcia Arreola*, 25 I. & N. Dec. 267, 269 (BIA 2010). Because of Petitioner's conviction, Petitioner lost his status as a TPS holder. Pet. ¶ 12; Vasquez Cruz Decl. ¶¶ 7–8.

On May 17, 2018, immediately after serving his jail sentence, Petitioner was arrested by ICE agents, who have held Petitioner in custody since that date. Pet. ¶ 13; Vasquez Cruz Decl. ¶ 8. Petitioner was served with a Notice to Appear charging Petitioner as removable from the United States under the Immigration and Nationality Act ("INA") section 212(a)(6)(A)(i). Reyes

2

Case No. 19-CV-05251-LHK
ORDER GRANTING PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS AND DENYING AS MOOT PETITIONER'S MOTION FOR TEMPORARY RESTRAINING ORDER

Decl. ¶ 12, Ex. A. On June 26, 2018, Petitioner requested a custody redetermination hearing (also referred to throughout as a "bond hearing"), pursuant to 8 U.S.C. § 1226. Pet. ¶ 2. Pursuant to 8 U.S.C. § 1226(a), an alien may be detained pending a decision of whether the alien is to be removed from the United States. Under this provision, the Attorney General may keep the alien in detention or allow release on condition of parole or bond. *Nielsen v. Preap*, 139 S. Ct. 954, 959 (2019). If the Attorney General decides to detain the alien, the alien may seek review of the Attorney General's decision at a hearing before an Immigration Judge ("IJ"), 8 C.F.R. § 236.1(d)(1), and the IJ may grant release on bond. *Id.* at 959–60. In those hearings, the alien bears the burden of proving that he "poses no flight risk and no danger to the community." *Id.*

Relevant here, however, pursuant to 8 U.S.C. § 1226(c), the Attorney General is mandated to detain any alien who has, for instance, committed a crime involving moral turpitude ("CIMT"). An individual detained under § 1226(c) may ask an IJ to reconsider whether the mandatory provision applies to him. During this hearing, called a "*Joseph* hearing," the detainee "may avoid mandatory detention by demonstrating that he is not an alien, that he was not convicted of the predicate crime, or that the INS is otherwise substantially unlikely to establish that the detainee is in fact subject to mandatory detention." *Demore v. Kim*, 538 U.S. 510, 514 n.3 (2003) (citing *Matter of Joseph*, 22 I. & N. Dec. 799 (BIA 1999)). If an alien is properly detained under § 1226(c), the IJ lacks the authority to release the alien on bond. *See* 8 C.F.R. § 1003.19(h)(2)(i)(D) ("[A]n immigration judge may not redetermine conditions of custody imposed by [DHS] with respect to . . . [a]liens in removal proceedings subject to section 236(c)(1) of the Act.").

On June 27, 2018, in response to Petitioner's June 26, 2018 request for a bond hearing, the IJ scheduled a hearing for Petitioner to show that he is not properly classified as an alien subject to mandatory detention. Sanchez Decl., Ex. A; Pet. ¶ 14; Reyes Decl. ¶ 13. On July 17, 2018, through counsel, Petitioner filed a brief that argued that Petitioner's crimes of conviction did not constitute CIMTs that would render Petitioner subject to mandatory detention pursuant to 8 U.S.C. § 1226(c). Pet. ¶ 15; Reyes Decl., Ex. D. That same day, the IJ, citing his lack of jurisdiction,

3

Case No. 19-CV-05251-LHK
ORDER GRANTING PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS AND DENYING AS MOOT PETITIONER'S MOTION FOR TEMPORARY RESTRAINING ORDER

denied Petitioner's request for a bond hearing. Pet. ¶ 2. In particular, the IJ decided that Petitioner's California Penal Code section 273.5 conviction is a CIMT, which renders Petitioner subject to mandatory detention, and that under the INA section 236(c), the IJ lacked jurisdiction to grant a bond hearing. Pet. ¶ 16; Reyes Decl., Ex. C.

On July 24, 2018, Petitioner filed another request for a bond hearing and argued that the IJ had jurisdiction to hold a bond hearing. Reyes Decl. ¶ 15, Ex. F. On August 1, 2018, the IJ denied Petitioner's second request for bond hearing because the IJ again found that Petitioner failed to show that he is not subject to mandatory detention. Reyes Decl. ¶ 16, Ex. G. On August 14, 2018, Petitioner timely filed an appeal of the IJ's decision with the Board of Immigration Appeals ("BIA"). Pet. ¶ 2. On August 24, 2018, the IJ issued a bond memorandum describing his rationale for denying the request for custody redetermination. Reyes Decl. ¶ 18, Ex. J.

On October 11, 2018, while his appeal was pending with the BIA, Petitioner filed his first habeas petition with the Court (Case No. 18-CV-06215-LHK). Pet. ¶ 2. The Court denied his petition without prejudice because Petitioner had failed to exhaust his administrative remedies. *See Vasquez Cruz v. Sessions*, No. 18-CV-06215-LHK, 2018 WL 6047287 (N.D. Cal. Nov. 18, 2018). Subsequently, on December 13, 2018, the BIA issued its decision, which affirmed the IJ's decision that Petitioner was subject to mandatory detention. Pet. ¶ 2; Sanchez Decl., Ex. F. Having exhausted his administrative remedies, Petitioner filed the instant petition with the Court on August 22, 2019. *See* Pet. at 1.

On December 3, 2018, Petitioner was found removable by IJ Joseph Park, and the BIA affirmed on May 16, 2019. Reyes Decl., Exs. M, O. Petitioner currently has a petition for review ("PFR") of his final order of removal pending with the Ninth Circuit (Case No. 19-71238), and a temporary stay of removal is in effect. Reyes Decl. ¶ 29. At present, Petitioner continues to be detained without a bond hearing at the Yuba County Detention Facility. Pet. ¶¶ 2, 7.

## II. DISCUSSION

In the instant habeas petition, Petitioner argues that relief is warranted because his

4

Case No. 19-CV-05251-LHK
ORDER GRANTING PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS AND DENYING AS MOOT PETITIONER'S MOTION FOR TEMPORARY RESTRAINING ORDER

conviction under California Penal Code section 273.5 is not a crime involving moral turpitude ("CIMT"), and thus he is not subject to mandatory detention without a bond hearing. Pet. ¶¶ 3. Respondents argue that the Court should dismiss the instant petition because it lacks jurisdiction to grant the requested relief. Opp'n at 5–6. Respondents also argue that, even if the Court has jurisdiction, the Court should deny the petition on the merits because Petitioner's conviction under California Penal Code section 273.5 is a CIMT, *Id.* at 6–11. The Court first considers whether it has jurisdiction to consider Petitioner's claim and then turns to the merits of Petitioner's claim.

**A. Jurisdiction**

Respondents argue that the Court should dismiss this habeas petition because the petition raises "a question of law that must be raised in his PFR pending with the Ninth Circuit," pursuant to 8 U.S.C. § 1252(a)(5), (b)(9). Resp. at 5–6. Petitioner argues that those provisions do not deprive the Court of jurisdiction because whether Petitioner is subject to mandatory detention presents a legally distinct issue from whether he is removable. Reply at 7–8. The Court agrees with Petitioner.

Recently, in *Nielsen v. Preap*, the United States Supreme Court considered an immigration habeas corpus class action raising the question whether aliens were subject to mandatory detention when the government failed to detain the aliens upon their release from state custody pursuant to § 1226(c). 139 S. Ct. 954, 960–61 (2019). Before reaching the merits, the Supreme Court first considered whether § 1252(b)(9) required the petitioners to raise their claim only in the context of a judicial review of a final removal order. The Supreme Court found that § 1252(b)(9) did not present a jurisdictional bar:

> As in *Jennings*, respondents here "are not asking for review of an order of removal; they are not challenging the decision to detain them in the first place or to seek removal [as opposed to the decision to deny them bond hearings]; and they are not even challenging any part of the process by which their removability will be determined. Under these circumstances, . . . § 1252(b)(9) does not present a jurisdictional bar."

*Id.* at 962 (quoting *Jennings v. Rodriguez*, 138 S. Ct. 830, 841 (2018)). The Supreme Court

5

Case No. 19-CV-05251-LHK
ORDER GRANTING PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS AND DENYING AS MOOT PETITIONER'S MOTION FOR TEMPORARY RESTRAINING ORDER

concluded that it had jurisdiction to reach the merits of the petitioners' claims that they were not subject to mandatory detention. *Id.* at 963.

*Preap* is on all fours with the instant case. As in *Preap*, Petitioner brings a habeas petition under 28 U.S.C. § 2241 challenging his mandatory detention without bond hearing. *See Preap*, 139 S. Ct. at 961. Petitioner is "not asking for review of an order of removal," and he is "not challenging the decision to detain [him] in the first place or to seek removal" as opposed to the decision to deny him a bond hearing. *Id.* at 962 (quoting *Jennings*, 138 S. Ct. at 841). Moreover, in the instant proceedings, Petitioner is "not even challenging any part of the process by which [his] removability will be determined." *Id.* In fact, Petitioner's conviction for a purported "crime involving moral turpitude" is not even the basis on which he is being charged as removable. Opp'n at 6; *see also* Reyes Decl., Ex. O (affirming IJ's finding that Petitioner is removable on other grounds). Accordingly, *Preap* confirms that 8 U.S.C. § 1252(b)(9) does not present a jurisdictional bar to the Court's consideration of Petitioner's claim.

Respondents' other citations are unavailing. For instance, Respondents cite the Ninth Circuit's opinion in *J.E.F.M.* to argue that Petitioner raises a question of law that must be raised with a petition for review of a final removal order. Opp'n at 5–6 (citing *J.E.F.M. v. Lynch*, 837 F.3d 1026 ((9th Cir, 2016)). The *J.E.F.M.* court held, "Taken together, § 1252(a)(5) and § 1252(b)(9) mean that *any* issue—whether legal or factual—arising from *any* removal-related activity can be reviewed only through the PFR process." *J.E.F.M.*, 837 F.3d at 1031 (emphasis in original). But, as discussed above, the United States Supreme Court has clearly held that whether an alien is subject to mandatory detention under 8 U.S.C. § 1226(c) is a separate issue from the underlying removal proceedings. *See Preap*, 139 S. Ct. at 962. Holding otherwise would effectively insulate the agency from review of its decision to detain an alien through removal proceedings until after removal proceedings had concluded. *See* 8 U.S.C. § 1252(b)(9) (providing judicial review upon issuance of final order).

Similarly, Respondents rely upon the Court's prior order denying Petitioner's intial habeas

Case No. 19-CV-05251-LHK
ORDER GRANTING PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS AND DENYING AS MOOT PETITIONER'S MOTION FOR TEMPORARY RESTRAINING ORDER

petition. Opp'n at 6 (citing *Vasquez Cruz*, 2018 WL 6047287, at *5). However, the Court did not hold that it would lack jurisdiction to consider Petitioner's claim upon his exhaustion of administrative remedies. Instead, the Court stated that, upon receiving a BIA decision regarding his mandatory detention, "[i]f Petitioner is dissatisfied with the BIA's decision, he then may file a petition for habeas corpus in the district court." *Vasquez Cruz*, 2018 WL 6047287, at *4. Other courts within this district have similarly found jurisdiction to consider whether an alien is subject to mandatory detention. *See, e.g.*, *Bermudez v. U.S. Immigration & Custom Enf't*, No. C07-2983VRW(PR), 2008 WL 269481, at *2 (N.D. Cal. Jan. 29, 2008) ("Petitioner may properly bring in this court via habeas his claim of denial of his due process right to a bail hearing."). Accordingly, the Court finds that it has jurisdiction to consider Petitioner's claim.

**B. Merits**

Under 8 U.S.C. § 1226(c)(1)(A), aliens convicted of a CIMT are subject to mandatory detention and are thus ineligible for a bond hearing. *See also* 8 U.S.C. 1182(a)(2). Petitioner argues that he is not subject to mandatory detention pursuant to 8 U.S.C. § 1226(c) because his prior conviction under California Penal Code section 273.5 was not a CIMT. Respondents argue that the IJ and BIA correctly found Petitioner's section 273.5 conviction to be a CIMT and that Petitioner is therefore subject to mandatory detention. The Court finds that Petitioner is eligible for a bond hearing because his conviction under section 273.5 is not categorically a CIMT.

**1. Categorical Approach**

To determine whether a prior conviction qualifies as a crime involving moral turpitude, the Court must "first make a categorical comparison of the elements of the statute of conviction to the generic definition, and decide whether conduct proscribed by [the statute of conviction] is broader than, and so does not categorically fall within, this generic definition." *Huerta–Guevara v. Ashcroft*, 321 F.3d 883, 887 (9th Cir. 2003).

The Ninth Circuit has squarely held that California Penal Code section 273.5 is overbroad with respect to the victims covered by the statute and thus not categorically a crime involving

7
Case No. 19-CV-05251-LHK
ORDER GRANTING PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS AND DENYING AS MOOT PETITIONER'S MOTION FOR TEMPORARY RESTRAINING ORDER

moral turpitude. For example, the Ninth Circuit explained in *Cervantes v. Holder*, "Our precedents make clear that . . . [Cal. Penal Code section] 273.5(a) is not categorically a CIMT." 772 F.3d 583, 588 (9th Cir. 2014). The *Cervantes* court contrasted its holding in *Grageda*, where the Ninth Circuit held that corporal injury of a spouse is categorically a CIMT, with *Morales-Garcia*, in which the Ninth Circuit held that corporal injury of a cohabitant is not categorically a CIMT. *See id.* (citing *Grageda v. INS*, 12 F.3d 919, 922 (9th Cir.1993); *Morales-Garcia v. Holder*, 567 F.3d 1058 (9th Cir.2009)). Specifically, in *Morales-Garcia*, the Ninth Circuit held that not all of the victims covered by section 273.5 had the degree of vulnerability that would give rise to a CIMT. *Morales-Garcia*, 567 F.3d at 1066. The Ninth Circuit drew a bright line between spousal victims and non-spousal victims because other relationships covered by the statute "embody a lesser level of commitment, trust, and dependency than marriage, which, for example, creates community property rights, and subjects former spouses to dissolution procedures." *Morales-Garcia*, 567 F.3d at 1065–66. In so doing, the Ninth Circuit contrasted spousal victims with non-spousal victims, who may have no more than a "substantial, amorous relationship and, perhaps, a sporadic shared living arrangement." *Id.* at 1066. Thus, the *Morales-Garcia* court explained, "[N]ot all victims under [California Penal Code section 273.5] are particularly 'vulnerable,' nor are they 'entitled to . . . care and protection" by the perpetrator.'")).

Accordingly, the Ninth Circuit has clearly held that section 273.5 is categorically overbroad, and the Court follows suit.

### 2. Divisibility

If the state offense is broader than the federal offense, courts use the modified categorical approach if the state offense is divisible. Divisible means that the state offense "comprises multiple, alternative versions of the crime." *Descamps v. United States*, 570 U.S. 254, 262 (2013). The Ninth Circuit has held that California Penal Code section 273.5 "is a divisible statute for which a conviction under one portion of the statute (corporal injury against a spouse) will qualify as a CIMT, while conviction under other subsections (for example, corporal injury against a

8
Case No. 19-CV-05251-LHK
ORDER GRANTING PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS AND DENYING AS MOOT
PETITIONER'S MOTION FOR TEMPORARY RESTRAINING ORDER

cohabitant) will not." *Cervantes*, 772 F.3d at 588.

Petitioner argues that the United States Supreme Court's decision in *Mathis v. United States*, 136 S. Ct. 2243 (2016), is irreconcilable with the Ninth Circuit's previous holdings that section 273.5 is divisible with respect to victim type. *See* Pet. ¶ 27. Respondents argue that the Ninth Circuit has reiterated that section 273.5 is divisible even after *Mathis*. Opp'n at 9 (citing *Heredia v. Sessions*, 720 Fed. App'x 376 (9th Cir. 2017) (unpublished)). Because the Court finds that Petitioner is entitled to relief even if the statute is divisible, the Court need not determine whether Ninth Circuit precedent finding section 273.5 to be divisible is irreconcilable with *Mathis*. Instead, the Court will assume that section 273.5 is divisible and will proceed to consider Petitioner's conviction under the modified categorical approach.

### 3. Modified Categorical Approach

Petitioner contends that, even if section 273.5 were divisible, his conviction record demonstrates that he was not convicted of a CIMT under the modified categorical approach. TRO Mot. at 21–24. Respondents argue that Petitioner's conviction record definitively establishes that he was in a dating relationship with his victim, which Respondents claim renders Petitioner's conviction a CIMT under the modified categorical approach. Opp'n at 10–11.

Under the modified categorical approach, the Court "consider[s] whether the 'judicially noticeable facts in the record indicate that [the alien] was convicted of the elements of the generically defined crime.'" *Cervantes*, 772 F.3d at 588 (quoting *Huerta–Guevara v. Ashcroft*, 321 F.3d 883, 887 (9th Cir. 2003)). The Ninth Circuit has further elaborated that, "[i]f the record does not conclusively establish that the noncitizen was convicted of the elements of the generic offense, then she was not convicted of the offense for purposes of the immigration statutes." *Marinelarena v. Barr*, 930 F.3d 1039, 1048 (9th Cir. 2019) (en banc) (citing *Moncrieffe v. Holder*, 569 U.S. 184, 194–95 (2013)). The Ninth Circuit's holding closely tracked *Moncrieffe*, where the United States Supreme Court found that ambiguity in the record "means that the conviction did not 'necessarily' involve facts that correspond" to the federal offense, which thereby placed the

9

burden on the government rather than the petitioner. *Id.* (citing *Moncrieffe*, 569 U.S. at 194–95)). The Ninth Circuit thus held that, irrespective of any statutory burdens of proof, the burden is on the government to conclusively prove a match under the modified categorical approach. *Id.* at 1048–49. "[W]hether the record of conviction necessarily established the elements of the disqualifying federal offense 'is a legal question with a yes or no answer.'" *Id.* at 1049 (quoting *Almanza-Arenas v. Lynch*, 815 F.3d 469, 489 (9th Cir. 2016) (en banc) (Watford, J., concurring)).

Here, the BIA examined Petitioner's conviction record to conclude that Petitioner had not "carried his burden of proving that his particular offense of conviction was for non-spousal abuse." ECF No. 1-3 ("Sanchez Decl."), Ex. F at 4. However, it is "well established" that BIA's determination that Petitioner was convicted of spousal abuse is not entitled to deference. *See Marmolejo-Campos v. Holder*, 558 F.3d 903, 907 (9th Cir. 2009) (en banc). "The BIA has no special expertise by virtue of its statutory responsibilities in construing state or federal criminal statutes and, thus, has no special administrative competence to interpret the petitioner's statute of conviction." *Id.* Moreover, the BIA erroneously flipped the burden on to Petitioner, despite United States Supreme Court precedent to the contrary. *See Moncrieffe*, 569 U.S. at 194–95 (holding that the government must establish that record of conviction conclusively shows categorical match). Accordingly, the BIA's decision that Petitioner was convicted of spousal abuse does not warrant deference, and the Court's analysis of Petitioner's statute of conviction is de novo. *Id.*

As discussed above, the Ninth Circuit has drawn a sharp distinction between spousal victims, in which case a conviction under California Penal Code section 273.5 constitutes a CIMT, and non-spousal victims, in which case a conviction under section 273.5 does not. *See Cervantes*, 772 F.3d at 588. Respondents try to avoid this conclusion by citing state intermediate appellate court cases that undermine the Ninth Circuit's holding. Opp'n at 10–11 (citing *People v. Burton*, 243 Cal. App. 4th 129, 135–36 (2015) (holding that Cal. Penal Code § 273.5 categorically involves moral turpitude); *People v. Rodriguez*, 5 Cal. App. 4th 1398, 1402 (1992) (same)).

10
Case No. 19-CV-05251-LHK
ORDER GRANTING PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS AND DENYING AS MOOT PETITIONER'S MOTION FOR TEMPORARY RESTRAINING ORDER

However, this Court is bound by the decisions of the Ninth Circuit until a state court of last resort renders a decision clearly irreconcilable with Ninth Circuit precedent. *Cf. Miller v. Gammie*, 335 F.3d 889, 893 (9th Cir. 2003).

The Court holds that Petitioner's record of conviction does not "conclusively establish" that Petitioner was convicted of the elements of a crime involving moral turpitude. *See Marinelarena*, 930 F.3d at 1048. Specifically, under *Marinelarena*, the government must show that the record of conviction conclusively establishes that Petitioner was convicted of spousal abuse, as opposed to non-spousal abuse. *Id.*; *see supra* Section III.B.1 (discussing Ninth Circuit precedent that only section 273.5 convictions involving spousal victims are categorically a CIMT). The state's Felony Complaint against Petitioner states:

> **COUNT 2: PC273.5(a) (Felony)**
> On or about November 17, 2017 at 8:33 PM, in the County of San Mateo, State of California, *the crime of Injuring A Spouse, Cohabitant, Fiance, Boyfriend, Girlfriend Or Child's Parent* in violation of PC273.5(a), a Felony, was committed in that [Petitioner] willfully inflicted corporal injury resulting in traumatic condition upon Confidential Victim, who was someone *with whom the defendant had a dating relationship*.

Sanchez Decl., Ex. G at 2 (emphasis added). This document does not unambiguously specify that the victim was a spouse, and instead suggests that Petitioner and victim merely "had a dating relationship." *Id.* Petitioner entered a nolo contendere plea as to this count. Sanchez Decl., Ex. H at 1. However, the Declaration Concerning a Plea or Change of Plea to Guilty or Nolo Contendere simply lists his plea as to "273.5(a) P.C.," with no further details. *Id.* This plea document thus fails to move the needle as to the government's burden.

In total, the record falls far short of "conclusively establish[ing] that the noncitizen was convicted of" corporal injury of a spouse, *see Marinelarena*, 930 F.3d at 1048, which is the only type of victim for which a section 273.5 conviction would constitute a CIMT, *see Cervantes*, 772 F.3d at 588. Indeed, the BIA agreed that the record was ambiguous: the BIA explicitly stated that "[Petitioner's] conviction record does not conclusively establish the identity of his victim or the exact nature of his relationship to her." *See* Sanchez Decl. Ex. F at 4. Accordingly, applying the

11

Case No. 19-CV-05251-LHK
ORDER GRANTING PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS AND DENYING AS MOOT PETITIONER'S MOTION FOR TEMPORARY RESTRAINING ORDER

modified categorical approach, the Court finds that Vasquez's section 273.5 conviction was not a crime involving moral turpitude. *See, e.g.*, *Marinelarena*, 930 F.3d at 1054 (reversing BIA decision because petitioner's record of conviction was ambiguous under modified categorical approach).

### III. CONCLUSION

Petitioner's petition for writ of habeas corpus is GRANTED. Petitioner is ordered to be released within 60 days of the filing date of this order, unless the agency provides Petitioner with a new bond hearing before an Immigration Judge.

Because the Court grants the habeas petition, the Court DENIES as moot Petitioner's motion for a temporary restraining order, which seeks the same relief.

**IT IS SO ORDERED.**

Dated: November 26, 2019

*Lucy H. Koh*
LUCY H. KOH
United States District Judge

12
Case No. 19-CV-05251-LHK
ORDER GRANTING PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS AND DENYING AS MOOT PETITIONER'S MOTION FOR TEMPORARY RESTRAINING ORDER